IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA PETER,
MICHAEL PETER,
JULIKA BERGER and
JAROLIN BERGER,

        Plaintiffs,

v.                                                           No. 1:22-cv-00051-KWR-LF

SUSAN DIANE WOJCICKI,
WILLIAM HENRY GATES,
STEPHANE BANCEL and
ALBERT BOURLA,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for a Civil Case Alleging Negligence, Doc. 1, filed January 24, 2022 ("Complaint").

Plaintiffs, who reside in Austria and Germany, allege they were "handicapped 2021-2023 by medication & psychotherapy of the new anxiety disease Akva [Again-killer-virus-attacks]" due to Defendants' acts and omissions.  Complaint at 4.  Plaintiffs allege that Defendants, who reside in California, Washington, Massachusetts and New York:

> failed to keep the risk of synthetic bioweapon-attacks at the 10%-low, but rose it to a 70%-high. They said in mass media: Here is "the greatest downfall the world faces" because "a new vaccine" has to "get out to seven billion people", affording "18 months lockdown", as this "is a pandemic, a deadly (killer) virus". [Defendants] let damage-knowhow fall – uncensored – into wrong hands, because on 30/12/2020 NATO/Brussel announced nuclear (!) retaliatory strikes against aggressive states/terrorists using synthetic bioweapons.

Complaint at 4.

The Complaint fails to state a claim upon which relief can be granted because Plaintiffs fail to state with particularity what each Defendant did to each Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests").

The statute governing venue in general states:

**Venue in general.**--A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court concludes that the District of New Mexico is not a proper venue for this case because there are no allegations that a defendant resides in the District of New Mexico or that any of the events or omissions giving rise to the claim occurred in the District of New Mexico.  It is not clear where proper venue lies because the four Defendants reside in four different states and the factual allegations do not indicate where a substantial part of the events or omissions giving

rise to the case occurred.  The Court, finding it is not in the interest of justice to transfer this case because it is not clear where proper venue lies and because the Complaint fails to state a claim, dismisses this case.  *See* 28 U.S.C. § 1406(a).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**